D. SOLOMON & COMPANY ET AL., APPELLANTS, V. C. M.
SCHNEIDER ET AL., APPELLEES.

FILED NOVEMBER 17, 1898. No. 8423.

1. **Corporations: POWER TO CONFESS JUDGMENT.** Under our statute
corporations for pecuniary profit may sue and be sued, complain
and defend in courts of law and equity; and therefore the statute
conferring power upon any person to confess judgment applies
to such corporations when such judgment has been rendered as
described in the case at bar.

2. **Principal and Surety: JUDGMENT: RELEASE OF SURETY.** Where a
bank as plaintiff obtains judgment for the sole purpose of
collecting a debt due from one defendant, its right to so pro-
ceed is not impaired by the consideration that another defendant,
sustaining the relations of surety to the first, will be released by
such enforcement by the bank of its right to receive payment.

3. **Debtor and Creditor: COLLECTION OF DEBT.** After a plaintiff has
fairly collected a debt justly due him from a debtor, it is his
right to dispose of the amount so collected in any manner he
sees fit, without thereby subjecting himself to liability to other
creditors of the same debtor.

APPEAL from the district court of Douglas county.
Heard below before AMBROSE, J. *Affirmed.*

*McCabe, McGilton & Rath,* and *R. S. Horton,* for appel-
lants.

References: *Louisville Banking Co. v. Eisenman,* 94 Ky.
83; *Swift v. Smith,* 65 Md. 428; *Russell v. M'Lellan,* 14
Pick. [Mass.] 63; *Newton Mfg. Co. v. White,* 47 Ga. 400;
*Lehigh Bridge Co. v. Lehigh Coal & Navigation Co.,* 4 Rawle
[Pa.] 9; *Burleigh v. Piper,* 51 Ia. 650; *Shaw v. Robinson,*
50 Neb. 403; *Tillson v. Downing,* 45 Neb. 549; *Allison v.
Brandt Printing Co.,* 37 S. W. Rep. [Tenn.] 10; *Ingwersen
v. Edgecombe,* 42 Neb. 740; *Campbell Printing Press & Mfg.
Co. v. Marder, Luse & Co.,* 50 Neb. 283; *Wyman v. National
Bank of Commerce,* 51 Neb. 636; *Roseboom v. Whittaker,*
132 Ill. 81; *Sutton Mfg. Co. v. Hutchinson,* 63 Fed. Rep. 496.

*W. W. Morsman, contra.*

References: *Harrington v. Conner,* 51 Neb. 214; *Wallachs v. Robinson,* 50 Neb. 469; *Capps v. Hastings Prospecting Co.,* 40 Neb. 470; *Haas v. Bank of Commerce,* 41 Neb. 754; *Watts v. Gannt,* 42 Neb. 869; *Sunday Creek Coal Co. v. Burnham,* 52 Neb. 364; *Landis v. Evans,* 113 Pa St. 335; *Hickman v. Caldwell,* 4 Rawle [Pa.] 376; *McCoy v. Reed,* 5 Watts [Pa.] 302; *Alabama Gold Life Ins. Co. v. McCreary,* 65 Ala. 127; *Matthews v. Mobile Mutual Ins. Co.,* 75 Ala. 85; *Walpole v. Ink,* 9 O. St. 142; *Ballin v. Merchants Exchange Bank,* 89 Wis. 278; *Sanford Fork & Tool Co. v. Howe,* 157 U. S. 312.

*Montgomery & Hall,* also for appellees.

RYAN, C.

This action was brought in the district court of Douglas county by certain judgment creditors of C. M. Schneider & Co., a corporation, and the other defendants alleged to be in complicity with it in an attempt to defeat and hinder said creditors in the collection of their several judgments. As the action progressed other parties having claims of like nature with those of the original plaintiffs joined as interveners in asking the relief originally prayed. From a judgment adverse to them the plaintiffs have appealed.

The indebtedness to the several plaintiffs was contracted by C. M. Schneider & Co. previous to the rendition of the judgment in favor of the Commercial National Bank against said C. M. Schneider & Co. by said district court at its May term, 1892. The amount for which this judgment was rendered was $20,050, and this indebtedness had been in existence since June, 1891, and evidenced during its existence by successive renewal notes. It was shown on the trial that while a portion of the capital stock of the C. M. Schneider & Co. corporation at one time had been owned by other parties, the whole of

it at the time of the rendition of the judgment in favor of the bank was owned by C. M. Schneider. This judgment was rendered upon two notes, each of which was for $10,000 and both were signed by said corporation by its president, C. M. Schneider, and by C. M. Schneider individually. There was no evidence of any fraudulent intent on the part of the bank in obtaining the judgment aforesaid and in levying upon the goods and merchandise of the C. M. Schneider & Co. corporation for the satisfaction of said judgment.

It is, however, insisted by appellants that the judgment was upon a voluntary confession, and that a corporation has no power to confess judgment. The petition of the Commercial National Bank was filed June 11, 1892, contemporaneously with the filing of which there was filed a power of attorney whereby Charles V. Miles was constituted the attorney in fact for the C. M. Schneider & Co. corporation to file an answer admitting the existence of the indebtedness from the said corporation to the bank and to confess and allow judgment thereon to be rendered as prayed. On the same day Miles, as attorney for defendant, answered, admitting the indebtedness to be due and consenting to judgment as prayed, and contemporaneously with the filing of this answer the bank filed its consent to the confession of judgment. There is a copy of the judgment entry in the record, but it is not dated. It seems to be conceded on all hands, however, that the judgment was rendered on the same day the above described papers were filed. It is provided by section 124, chapter 16, Compiled Statutes, that every corporation as such has power "to sue and be sued, to complain and defend in courts of law and equity," and we think that the provisions of sections 433-437 of the Code of Civil Procedure, authorizing a confession of judgment by any person, are therefore applicable to corporations for pecuniary profit when such judgment is rendered as above described.

It is urged that as C. M. Schneider was the sole owner

of the capital stock of the corporation which bore his name the confession was for his benefit, since he was a surety upon the notes upon which judgment was taken. There is nothing in the evidence showing that the judgment was taken in his interest or for his benefit; indeed, the testimony, without contradiction, was that he was averse to the rendition of such a judgment. The act of confession was not that of C. M. Schneider individually, though he was the sole stockholder. The bank had a just claim against the corporation, and for the collection of that claim resorted to legal proceedings, which it had a clear right to do, even though the C. M. Schneider & Co. corporation and C. M. Schneider were incidentally affected in the same degree. It was agreed between the bank as one party and Mr. Moss and Mr. Taylor as the other party that the goods which the bank had then already purchased in satisfaction of its judgment should be disposed of by C. M. Schneider and that Mr. Moss and Mr. Taylor should be answerable as guarantors for the faithful performance of this undertaking by Schneider, and that the bank would be satisfied with receiving the amount of its debt. It seems that under this arrangement Mr. Taylor or Mr. Moss paid $4,500, which was advanced by Schneider, as he testified, of his wife's money. The bank, however, had no knowledge that Schneider advanced this money and supposed it was put up by the party by whom it was paid to the bank. The bank received the full amount of its claim ultimately, and this action was to subject it to liability as a trustee in its own wrong to the extent of the amount so received. When the bank had acquired indisputable title, it had an unquestionable right to dispose of the goods as it saw fit, even, if it so elected, to donate them to Schneider. This sort of title is possessed and none of the evidence tended to cast even a shadow upon that title. The judgment of the district court was right and is

AFFIRMED.